**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                   :
DAVID MORDEHAI,                    :
            Petitioner,            :
                                   :   Civ. No. 04-3516 (RBK)
      v.                           :
                                   :   **OPINION**
UNITED STATES OF AMERICA,          :
                                   :
            Respondent.            :
_____:

**KUGLER**, District Judge

      Petitioner David Mordehai ("Petitioner"), a federal prisoner formerly incarcerated[1] at the Federal Correctional Institution at Fort Dix, New Jersey, submits a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255,[2] challenging

---

[1]   The Court assumes that Petitioner is no longer incarcerated, as his forty-one month sentence began on September 16, 2002.

[2] Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . .
>
> An application for a writ of habeas corpus in behalf of

his sentence.

Because this Court lacks jurisdiction to consider this petition, and it does not appear to be in the interest of justice to transfer the petition, this Court dismisses this petition.

## I.  BACKGROUND[3]

On October 14, 1999, the Government indicted Petitioner on multiple counts of conspiracy to transport stolen property in interstate commerce, transportation of stolen goods in interstate commerce, conspiracy to launder money, and money laundering. A jury in the Northern District of Georgia found Petitioner guilty of two counts of stolen property and conspiracy to transport stolen property.

The value of the goods at issue in the two stolen property counts on which the jury convicted Petitioner was $40,000.  However, in calculating the value of the loss for purposes of sentencing Petitioner, the trial judge allegedly counted all of the allegedly stolen merchandise, and not just the merchandise included in the counts for which the jury convicted

---

> a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

[3]  The Court uses the facts from the petition and assumes they are true for the purposes of this Opinion and accompanying Order.

Petitioner. Petitioner claims that by including all of the merchandise, rather than just the $40,000 at issue in his conviction, Petitioner's sentence increased ten levels, or three additional years.

Petitioner appealed his sentence to the Eleventh Circuit Court of Appeals, which affirmed his conviction and sentence. The United States Supreme Court denied certiorari. Petitioner began serving his conviction on September 16, 2002.

On September 19, 2002, Petitioner filed a petition for writ of habeas corpus to vacate his sentence, pursuant to 28 U.S.C. § 2255, in the Northern District of Georgia.[4] The court denied this petition on March 18, 2003.

On July 20, 2004, Petitioner filed a petition for writ of habeas corpus in the District of New Jersey, also requesting to "vacate, set aside, or correct" his sentence. Specifically, Petitioner argues that the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), is a new rule that makes Petitioner's sentence unconstitutional.

**II. ANALYSIS**

    A.    Sua Sponte Dismissal

---

[4] This Court will take judicial notice of the dockets of the United States District Court for the Northern District of Georgia in cases related to this Petition. See Fed. R. Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (holding that a federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's Claims

Petitioner contends that he is entitled to habeas relief under § 2255, which requires a petitioner to seek relief only in the District in which petitioner was sentenced. 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 378 (1977) (stating that since 1948, collateral review under 28 U.S.C. § 2255 is available "only in the districts in which the convictions were obtained"). As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a § 2255 motion, filed in the district of conviction, is the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980

F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Petitioner was convicted in the Northern District of Georgia, and his current petition is a motion to "vacate, set aside, or correct sentence" under 28 U.S.C. § 2255.  Therefore, Petitioner improperly filed this petition in this Court, rather than the Norther District of Georgia, the district of conviction. As a result, this Court appears to lack jurisdiction.[5]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in

---

[5] The Court notes that, even if it possessed jurisdiction over Petitioner's claim, it could not grant Petitioner any relief.  Petitioner filed this petition after Blakely, but before the United States Supreme Court similarly held that the Sixth Amendment applies to the Federal Sentencing Guidelines in U.S. v. Booker, 543 U.S. 220 (2005).  Accordingly, the Supreme Court held that any fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts established by jury verdict must be either admitted by the defendant or proved to a jury beyond a reasonable doubt. Booker, 543 U.S. at 248-49.
   The Third Circuit subsequently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued.  See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005).
   Moreover, the Court notes that even assuming this Court had jurisdiction, and that Booker applied retroactively, there is a question as to whether Petitioner remains "in custody," as required by § 2255.  His forty-one month sentence began in September 2002, and the inmate locator service reflects David Mordehai, registration number 35934-037, was released from federal custody on September 6, 2005.

which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. 28 U.S.C. § 2244.

It does not appear that it is in the interest of justice to transfer this Petition to the Court of Appeals for the Eleventh Circuit, as a request for leave to file a second or successive § 2255 motion. The Court of Appeals for the Eleventh Circuit has held that <u>Booker</u> does not apply retroactively to cases on collateral review. <u>In re Anderson</u>, 396 F.3d 1336 (11th Cir. 2005). Moreover, if Petitioner is no longer "in custody," the case is moot.

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.

Dated: <u>2/9/2007</u>                <u>s/Robert B. Kugler</u>
                                    ROBERT B. KUGLER
                                    United States District Judge